THOMAS TREMLETT *vs.* ROBERT HOOPER & others.
JAMES PARSONS *vs.* SAME.
SOMERSET POTTERS WORKS *vs.* SAME.

</div>

**tf** a partnership, whose principal business is to purchase supplies for and sell iron manufactured at iron works owned by one of the partners, becomes insolvent, a claim for supplies sold and delivered to the partnership, without knowledge that that partner only was interested in the works in which they were to be used, can be proved against the partnership estate only, under *St.* 1838, *c.* 163, § 21, and not against the separate estate of that partner.

APPEALS from decrees of a master in chancery, under proceedings in insolvency commenced on the 24th of November 1847, in the matter of the estate of Horace Gray and Nathaniel Francis, partners and insolvent debtors, whose assignees the appellees were, disallowing claims offered for proof against Gray's separate estate.

The cases of Tremlett and the Somerset Potters Works were submitted to the judgment of the court upon agreed statements of facts.

The case of Parsons was tried before *Merrick,* J., a verdict taken by consent for the appellees, and the case reserved for the whole court, with an agreement that if upon the evidence, and upon drawing just inferences, the jury under legal instructions could properly have returned a verdict for the appellants,

there should be a new trial; otherwise, judgment upon the verdict.

So much of the facts of each case as is necessary to the understanding of the questions of law decided, is stated in the opinion. The cases of Parsons and the Somerset Iron Works were argued at March term 1856, and Tremlett's at this term.

*S. E. Sewall, R. Choate & C. W. Loring,* for the appellants, cited 2 Kent Com. (6th ed.) 631; Story on Agency, §§ 160 *a*, 266, 267, 291, 292, 446, 449, note; Paley on Agency, (4th Amer. ed.) 243, 247 & note; *Nelson* v. *Powell,* 3 Doug. 410; *Railton* v. *Hodgson,* 4 Taunt. 576; *Kymer* v. *Suwercropp,* 1 Campb. 109; *Thomson* v. *Davenport,* 9 B. & C. 78; *Higgins* v. *Senior,* 8 M. & W. 843; *Beckham* v. *Drake,* 9 M. & W. 95; *Hyde* v. *Wolf,* 4 Louisiana, 234; *Upton* v. *Gray,* 2 Greenl. 373; *Perth Amboy Manuf. Co.* v. *Condit,* 1 Zab. 659; *French* v. *Price,* 24 Pick. 21, 22; *Raymond* v. *Crown & Eagle Mills,* 2 Met. 319; *Sprague* v. *Gillett,* 9 Met. 91; 1 Bell Com. (4th ed.) § 418; *Rich* v. *Coe,* Cowp. 636; *Wilson* v. *Hart,* 7 Taunt. 295; *Precious* v. *Abel,* 1 Esp. R. 350; *Conro* v. *Port Henry Iron Co.* 12 Barb. 53; *Melledge* v. *Boston Iron Co.* 5 Cush. 170; *Porter* v. *Talcott,* 1 Cow. 359; *Ex parte Seddon,* 2 Cox Ch. 49; *Zerrano* v. *Wilson,* 8 Cush. 424; *Alcock* v. *Hopkins,* 6 Cush. 484; *Butts* v. *Dean,* 2 Met. 76; *Denston* v. *Perkins,* 2 Pick. 86; *Chesterfield Manuf. Co.* v. *Dehon,* 5 Pick. 7.

*S. Bartlett & C. B. Goodrich,* for the appellees.

DEWEY, J. It is conceded that Tremlett, the appellant in one of these cases, in June 1847 made a contract with Horace Gray & Co. for the sale to them of a large quantity of coal, for which they were to pay by giving their notes payable in four months, and that he gave credit to the partnership and treated with them as the vendees of the coal, and the party from whom alone he expected payment therefor. The goods were delivered, and the notes received therefor as stipulated.

No question is made of the liability of Horace Gray & Co. on these notes, nor of the right of the appellant as their creditor to file his claim, and receive his *pro rata* dividend. But in the settlement of the estate of Horace Gray & Co. and of Horace

Gray alone, under the insolvent laws, it has been found that the private estate of Horace Gray will pay a much larger dividend to its appropriate creditors than the partnership assets will pay to the partnership creditors. The appellant desires therefore to withdraw his proof heretofore made against the partnership estate, and prove his claim against the separate estate, and thus change his relation from that of a creditor of the partnership to that of a creditor of Horace Gray alone.

In support of his right so to do, he asserts and endeavors to maintain the position that Horace Gray was a concealed principal at the time of making the contract and the delivery of the coal, and Horace Gray & Co. were only agents; and that upon the discovery of that fact, before unknown to him, he may resort to such concealed principal.

As a case for the application of the familiar principle of resorting to a concealed principal who has acted through an agent, with a view of charging thereby a third person not known in the original contract, the case has this peculiar feature; that Horace Gray, the alleged concealed principal, was one of the agents dealt with, and was personally liable upon the express contract; and, independently of the provisions of the insolvent law, and the fact that Horace Gray & Co. and Horace Gray are the subjects of proceeding under that law, the private estate of Horace Gray would, under the contract as made and in the form it was made, have been to the full extent liable on the notes given.

But assuming that it is open to the appellant to show that Horace Gray alone was the real purchaser, we are brought to the inquiry whether that fact is established by the evidence.

To some extent this subject has been considered by this court in the case of *Somerset Potters Works* v. *Minot*, 10 Cush. 592 It is to be considered as settled that there was such a legal copartnership as Horace Gray & Co., consisting of Horace Gray and Nathaniel Francis. It was a partnership transacting partnership business in some respects in a manner peculiar. The profits of the firm were in the form of commissions to the amount of nine thousand dollars for their duties as con-

nected with various establishments. They transacted business as a firm, bought and sold as a firm, and used the partnership name in the securities given for the purchases made to supply these various establishments. The copartnership did not own or lease any of these various establishments but undertook to furnish the supplies through purchases made on their own account. It was seriously questioned in earlier cases whether there really was any copartnership, or whether the purchases were not by Horace Gray alone, or by those who owned or carried on the establishments for which coal and iron were furnished. Upon much consideration, the court came to the opinion that there was such a copartnership, and that there attached to it the usual incidents of a copartnership, vesting in them all the property thus purchased by them, and creating the same liabilities to their creditors that arise in ordinary cases. Hence the fact that the merchandise purchased was found to have been required to supply a particular establishment was not supposed to make such establishment the principal debtor, and Horace Gray & Co. the agents of a concealed principal. The cases of principal and agent were not considered as applicable to the purchases by Horace Gray & Co. The firm were the principals in the purchases. Hence it was held, that as to articles furnished to supply the wants of third persons, Horace Gray & Co. were the principals; and that coal or iron furnished through them to the Massachusetts Iron Company was not properly chargeable to the latter, although it went directly to their use. *Bevan* v. *Massachusetts Iron Co.* Suffolk, March term 1852. It is true that the purchase in that case was with reference to supplying various works, but the precise claim was solely for that which went to the use of the Massachusetts Iron Company.

The only point of distinction, that is material to be considered, arises from the fact that the alleged concealed principal in the present case is Horace Gray, the same individual who was a member of the firm of Horace Gray & Co.; and an attempt is made to distinguish the case on that account, and thereby create an original liability on the part of Horace Gray as sole debtor

22*

As a member of the firm of Horace Gray & Co. Horace Gray is of course liable as an original purchaser, and all his property is bound for the payment of his various debts. But the inquiry is whether this was a partnership liability, or an individual liability ? Now, as it seems to us, the character of the business of Horace Gray and Nathaniel Francis having been decided to be that of a copartnership, whose leading business it was to supply various establishments with coal and iron, such purchases, so made by them to effect that object, were alike partnership purchases, whether the articles were purchased by them to supply the Massachusetts Iron Company, or the Ulster Iron Works carried on by Horace Gray. In both cases the partnership made the purchases upon their own orders, gave their own negotiable notes for them, and in some form charged the party to whom such articles were delivered therefor. The books they kept were the books of Horace Gray & Co.; not the books of the Massachusetts Iron Company, or Horace Gray, kept by their agents. The notes they gave in the present instance were given on account of deliveries of coal, part of which went elsewhere than to Horace Gray's works at Pompton and Saugerties. The plaintiff had from time to time theretofore sold to Horace Gray & Co. large quantities of coal for the various purposes for which they required them, and was the holder of their notes therefor to a large amount, which are not claimed to be allowed against the estate of Horace Gray.

We do not perceive any sufficient reason for withdrawing that portion of the indebtedness of Horace Gray & Co., which arises from that portion of the coal forwarded directly to Saugerties for the Ulster Iron Works, or at Newark for the Pompton Iron Works, from the other sales made for other establishments. The dealings in both cases were with the copartnership, and so understood to be, and secured to the vendors all the benefits arising therefrom. They might have been much greater than those accruing from the separate liability of Horace Gray It happens that the situation of the property is such that it is otherwise. In the opinion of the court, upon the case stated, the master in chancery properly refused to allow the demand

of Tremlett as a claim against the separate estate of Horace Gray.

In the case of Parsons, as in that of Tremlett, the creditor puts his case substantially upon the ground of a concealed principal, assuming that Horace Gray & Co. were merely agents for Horace Gray in making the purchases from the appellant of the bricks for which he seeks to recover against the separate estate of Horace Gray. In the view we have taken of the facts, such was not the real character of the transaction. The firm of Horace Gray & Co. were a real firm doing business as such, and making extended purchases for supplying the calls of those who looked to them for their supply. It is true in the present case that the bricks were bought of Parsons for the works at South Boston, and were used there, and that the firm had no interest as owner or occupant of those works. The same was true of all the various establishments which they supplied. But nevertheless they undertook a general business of purchasing on their own account large amounts of merchandise, charging over to those who had the same the proper indebtedness therefor on their partnership books.

In the case of Parsons, the contract was made in writing with the partnership, the account was rendered to the partnership, and agreeably to the terms of the contract, on the delivery of the bricks, one half of the amount due therefor was paid in cash by the firm out of the funds of the firm, and a partnership note payable in three months given for the balance. That the bricks were to be delivered at the Massachusetts Iron Works at South Boston does not vary the character of the transaction. We perceive no reason for coming to a different conclusion in the present case from that to which we have come in Tremlett's case. In our opinion, upon all the proposed evidence that was competent and admissible, and under proper instructions, the jury could not properly have returned a verdict for Parsons.

The case of the Somerset Potters Works is the same in principle as that of Parsons. The only difference is that, in relation to a small portion of the bricks delivered, no promissory note had been given, and as to so much of the demand, that

objection cannot be urged. But all the bricks were delivered upon the written orders of Horace Gray & Co., and charged to them upon the books of the appellants. The entire cause of action is of similar import as to its substantial foundation and the real parties to it. The result must be therefore that the appellant's demand is not provable against the separate estate of Horace Gray. *Decrees affirmed.*